IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY F. GEORGE,
   *Plaintiff*,

v.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,
   *Defendant*.

Civil Action No. ELH-17-1073

**MEMORANDUM OPINION**

Nancy F. George has filed suit against Massachusetts Mutual Life Insurance Company ("Mass Mutual"), alleging breach of her disability income insurance policy. ECF 2 (Complaint).[1] In particular, Ms. George alleges that Mass Mutual owes her unpaid disability benefits of approximately $225,000. She also seeks a declaratory judgment that she was and is disabled under the terms of the policy; that Mass Mutual is obligated to make disability payments under the insurance policy; and that Mass Mutual is not entitled to recoup its disability payments to her in the sum of $152,865. *Id.* ¶¶ 27-28.

Ms. George is self-represented here. I note, however, that in the period preceding the litigation, she was represented by counsel.[2]

---

[1] The case was filed in the Circuit Court for Howard County, Maryland on December 2, 2016. *See* ECF 1, ¶ 1. It was removed to this Court by Mass Mutual on April 18, 2017, on the basis of diversity of citizenship. *Id.* ¶¶ 1, 5. *See* 28 U.S.C. § 1332. Plaintiff is a citizen of Maryland (ECF 2, ¶ 1), defendant is a Massachusetts corporation with its principal place of business in Massachusetts (ECF 1, ¶ 4), and the amount in controversy exceeds $75,000. *Id.* ¶¶ 27-28.

[2] As the record reflects, Mass Mutual usually corresponded with plaintiff's lawyer but sometimes defendant communicated directly with plaintiff.

Now pending is defendant's motion for summary judgment under Fed. R. Civ. P. 56. ECF 16. The motion is supported by a memorandum of law (ECF 16-1) (collectively, "Motion"), and several exhibits. In the Motion, defendant asserts that plaintiff's claims are barred by Maryland's statute of limitations. ECF 16-1 at 1. Plaintiff opposes the Motion (ECF 22, "Opposition"), and she has submitted multiple exhibits. ECF 22-1 to ECF 22-8.[3] Defendant replied. ECF 26.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

**I.     Factual Background**

On May 16, 1995, Mass Mutual issued a disability insurance policy ("Policy") to plaintiff, who worked as a "software regulatory consultant." ECF 2, ¶ 9. The Policy was set to expire on May 16, 2012. *See* ECF 16-2 (Policy); ECF 2, ¶ 10. Pursuant to the terms of the Policy, benefits would be payable upon the occurrence of a disability, which was defined to include a "mental infirmity" that would "reduce the Insured's ability to work." *Id.* at 5. The monthly benefit was $7,500, after a 90-day waiting period. *Id.* at 2. The Policy also included extended benefits, applicable under certain circumstances. ECF 2, ¶ 10; ECF 16-2 at 25-26.

On or about August 23, 2010, plaintiff submitted a claim stating that she became partially disabled in May 2009, and that she became totally disabled in June 2010, as a result of severe clinical depression. *See* ECF 16-4 (letter of January 7, 2011, from plaintiff's attorney to defendant); ECF 16-7 at 9 (letter of May 23, 2012, from Mass Mutual to plaintiff's attorney); *see*

---

[3] Portions of plaintiff's exhibits are the same as defendant's exhibits. *Compare, e.g.*, ECF 16-7 at 9-2 *with* ECF 22-1 at 2-5.

*also* ECF 2, ¶¶ 11, 15.[4] Defendant never paid benefits for plaintiff's period of partial disability. *See* ECF 16-6 at 5 (excerpt of hearing before the Maryland Insurance Administration on February 27, 2017). However, according to plaintiff, defendant paid disability benefits to her totaling $152,865, under a reservation of rights, for the period from September 23, 2010 to May 22, 2012. ECF 16-5 (letter of May 16, 2011, from Mass Mutual to Ms. George); *see also* ECF 16-7 at 9 (letter dated May 23, 2012, from Mass Mutual to plaintiff's counsel); ECF 16-6 at 5.

By letter of May 23, 2012, from defendant to plaintiff's lawyer, Mass Mutual stated that Ms. George did not meet the eligibility requirements under the Policy. ECF 16-7 at 9-12 ("Denial Letter"). Accordingly, Mass Mutual denied Ms. George's claim; advised that the Policy "terminated" as of May 16, 2012; and indicated that Ms. George's benefits ceased as of May 22, 2012. *Id.* Mass Mutual provided "a final payment" of $6,615.00, representing disability payments for the period of April 23, 2012 through May 22, 2012. *Id.* at 11. And, the Denial Letter advised plaintiff of her right to pursue Mass Mutual's optional internal appeals process. *Id.* at 12.

Following the Denial Letter, plaintiff received no further disability payments. *See* ECF 16-6 at 5. Notably, plaintiff received the Denial Letter and recognized it as such. *See* ECF 16-6 (excerpt of Maryland Insurance Administration hearing) at 5; ECF 16-7 at 3 (plaintiff's Maryland Insurance Administration complaint).

Plaintiff alleges that following receipt of the Denial Letter, her lawyer provided further information to Mass Mutual. ECF 2, ¶ 17. On October 26, 2012, Mass Mutual sent plaintiff's

---

[4] There is a discrepancy in the dates that appear in these two exhibits. ECF 16-4 specifies that the partial disability began in May 2009 and that the onset of total disability began in June 2010. In contrast, the letter at ECF 16-7 at 9 suggests that George claimed her partial disability began in January 2009 and her total disability began in May 2010. The discrepancy is not material to the issues here.

attorney another letter denying plaintiff's claim. ECF 22-2 at 2 (letter from Mass Mutual). The letter again advised plaintiff of the company's appeals process. *Id.* Plaintiff states in her Opposition that on two more occasions she submitted supplemental information "which could well be considered an appeal." ECF 22 at 2. These submissions resulted in two more denial letters from defendant, one on March 28, 2013 (*see* ECF 22 at 2; ECF 22-3 at 6) and another on July 9, 2013. ECF 22-3 at 2-7. Plaintiff was again advised of defendant's appeals process, allowing for reevaluation of the claim. *Id.* at 7.

In August 2013, plaintiff, by counsel, formally requested "an appeal review" of the denial of her disability claim. *See* ECF 22-4; ECF 22-6. Of relevance here, the "appeal review" was conducted internally by a Mass Mutual Assistant Vice President for Benefits Policy & Strategy, and not by any government agency. *See* ECF 22-4 at 2, 4 (letter dated December 5, 2013, from Mass Mutual to plaintiff's attorney). In a letter dated December 5, 2013, Mass Mutual informed plaintiff, through her lawyer, that it had again determined that she was ineligible for disability benefits under the Policy. ECF 22-4 at 2-4. Notably, Mass Mutual said, *id.* at 4: "Mass Mutual would be pleased to review any additional information that you care to submit in support of Ms. George's claim."

In March of 2015, and on May 22, 2015, plaintiff submitted still more information to defendant to support her claim. *See* ECF 22-5 at 2. Defendant conducted another review (*id.*) and again denied the claim in a letter to plaintiff dated June 10, 2015. *Id.* at 2-3. The denial was reiterated in a letter from Mass Mutual to plaintiff, dated July 1, 2015. ECF 22-7.

It appears that in August 2015, plaintiff filed a complaint against Mass Mutual with the Maryland Insurance Administration ("MIA"), under the Maryland Unfair Claim Settlement Practices Act, Md. Code (2017 Repl. Vol.), §§ 27-301 -306 of the Insurance Article ("Ins."). *See*

ECF 16-7 at 1 (MIA Complaint Form); ECF 2, ¶ 22. Defendant has presented evidence that Ms. George testified before the MIA on February 27, 2017. ECF 16-6 at 2.[5] There is no indication in either party's submissions as to whether, or how, the MIA ruled on Ms. George's complaint.

On December 2, 2016, plaintiff filed suit in the Circuit Court for Howard County, Maryland (ECF 2), seeking to recover benefits for her period of alleged partial disability, from May 2009 to June 2010 (*see id.* ¶ 26), and extended benefits, to which she alleges she is entitled from May 2012 onward. *Id.* ¶ 28. She also seeks a declaratory judgment that she was and is disabled within the meaning of the Policy, that defendant may not recoup the benefits already paid, and that defendant may not contest her disability. *Id.* at 9-10. As indicated, note 1, *supra*, defendant removed the case to this Court, based on diversity jurisdiction. *See* ECF 1 (notice of removal).

## II. Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017) ("A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law."). The nonmoving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

---

[5] Ms. George was represented by counsel at the MIA hearing. *See* ECF 16-6 at 3.

The Supreme Court has clarified that not every factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 204 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied*, 514 U.S. 1042 (2004); *see also Celotex*, 477 U.S. at 322-24. Moreover, in resolving a summary judgment motion, a court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd.*, 475 U.S. at 587; *accord Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013). However, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

The judge's "function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir 2016). Thus, in considering a summary judgment motion, the court may not make credibility determinations. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007). Moreover, in the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

The Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[]' than is a lawyer, and the Court must liberally construe [her] claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same). Nevertheless, a plaintiff must still raise a genuine dispute of material fact to survive summary judgment. *See Bouchat*, 346 F.3d at 522.

### III. Discussion

#### A.

Defendant argues that plaintiff's suit is barred by the statute of limitations. ECF 16-1 at 4-8. Because this case comes to this Court on the basis of diversity jurisdiction, I must apply the substantive law of the forum state, including its statute of limitations. *See Brown v. Am. Broad. Co., Inc.*, 704 F.2d 1296, 1299 (4th Cir. 1983); *see also Coe v. Thermasol, Inc.*, 785 F.2d 511, 514 n.5 (4th Cir. 1986) (noting that "federal courts sitting in diversity apply the forum state's statute of limitations"). Therefore, I shall apply Maryland law.

Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. Md. Code (2013 Repl. Vol., 2017 Supp.), § 5-101 of the Courts and Judicial Proceedings Article ("C.J."). Breach of contract actions are governed by Maryland's three-year statute of limitations. *See Catholic Univ. of Am. v. Bragunier Masonry Contractors, Inc.*, 139 Md. App. 277, 297, 775 A.2d 458, 469 (2001), *aff'd*, 368 Md. 608, 796 A.2d 744 (2002). Declaratory judgment actions are subject to the same statute of limitations as their underlying coercive action. *See Gen. Ins. Co. of Am. v. Walter E. Campbell Co., Inc.*, 241 F. Supp. 3d 578, 595 (D. Md. 2017) (citing *Commercial Union Ins. Co. v. Porter Hayden Co.*, 116 Md. App. 605, 658, 698 A.2d 1167, 1192-93 (1997)).

"'[T]he question of accrual in § 5-101 is left to judicial determination,' unless the determination rests on the resolution of disputed facts regarding discovery of the wrong." *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131, 31 A.3d 212, 236 (2011) (citation omitted); *see Bank of New York v. Sheff*, 382 Md. 235, 244. 854 A.2d 1269, 1275 (2004) (stating that summary judgment may be appropriate if there is no dispute of material fact as to whether plaintiff was on inquiry notice more than three years before suit was file); *Frederick Road*

*Limited Partnership v. Brown & Sturm*, 360 Md. 76, 95, 756 A.2d 963, 973 (2000) (explaining that the determination of accrual "may be based solely on law, solely on fact, or on a combination of law and fact, and is reached after careful consideration of the purpose of the statute and the facts to which it is applied").

An action typically accrues at the time of the wrong, unless a judicial or legislative exception provides otherwise. *Poole*, 423 Md. at 131, 31 A.3d at 236. "In Maryland, a cause of action for breach of contract generally accrues when the contract is breached." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 465 (4th Cir. 2007) (citation omitted). Nevertheless, "[r]ecognizing the unfairness inherent in charging a plaintiff with slumbering on his rights where it was not reasonably possible to have obtained notice of the nature and cause of an injury," Maryland has adopted the so-called discovery rule to determine the date of accrual. *See Sheff*, 382 Md. at 244, 854 A.2d at 1275; *Frederick Road Limited Partnership*, 360 Md. at 95, 756 A.2d at 973. "The discovery rule acts to balance principles of fairness and judicial economy in those situations in which a diligent plaintiff may be unaware of an injury or harm during the statutory period." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167, 857 A.2d 1095, 1104 (2004).

Under the discovery rule, "a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 731 F. Supp. 2d 443, 449 (D. Md. 2010) (citing *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 749 A.2d 796, 801 (2000)), *aff'd*, 495 F. App'x 350 (4th Cir. 2012). Nevertheless, "[t]his standard . . . does not require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.'" *Id.* at 167-68, 857 A.2d at 1104 (citing *Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 351, 822 A.2d 1212, 1219 (2003); *Doe v. Archdiocese of Washington*, 114 Md. App. 169, 188-89, 689 A.2d 634, 644 (1997)). A

plaintiff is on inquiry notice when the plaintiff "possesses 'facts sufficient to cause a reasonable person to investigate further, and . . . [that] a diligent investigation would have revealed that the plaintiffs were victims of . . . the alleged tort.'" *Dual Inc.*, 383 Md. at 168, 857 A.2d 1095 (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49, 550 A.2d 1155, 1159 (1988)) (alterations in original). Notice may be actual or constructive. *Poffenberger v. Risser*, 290 Md. 631, 636-38, 431 A.2d 677, 680-81 (1981).

**B.**

It is undisputed that Ms. George received the Denial Letter, dated May 23, 2012. Perhaps more significant, she received no disability payments after May of 2012. *See* ECF 16-6 at 5. Mass Mutual contends that plaintiff therefore had notice of any potential breach of contract, at the very latest, at that time. ECF 16-1 at 6. Accordingly, defendant argues that the three-year statute of limitations expired in May 2015. *Id.* at 8. Because plaintiff did not file her suit until December 2, 2016—more than four years after she received the Denial Letter and disability payments had ceased—defendant insists that plaintiff's claims are time-barred. *Id.*

Notably, plaintiff acknowledges that her "claim was initially denied by a letter dated 5/23/12." ECF 22 at 2. However, she points out that "[t]he letter [and others] contained language soliciting an appeal." *Id.* Further, Ms. George observes that the insurer repeatedly invited her to appeal, and she points to the ongoing consideration of her claim by Mass Mutual, which extended until 2015. *Id.* at 2-3. Plaintiff analogizes to principles of administrative exhaustion, and she contends that her claim did not accrue until the denial of the "appeal review" by defendant. *Id.* at 3.

Plaintiff notes that "where one is engaging in an agency appeal . . . one could not yet go to court because one has NOT exhausted administrative remedies yet." *Id.* She acknowledges

that "an insurer is not an administrative agency," but insists that "the principles should not differ. So long as the insurer invites one to appeal," she argues that "resort to the courts needs to be preserved, since the insurer has not yet finally acted on [her] claim." ECF 22 at 3. Thus, she maintains that the statute of limitations, properly construed, did not expire until at least three years after December 5, 2013, the date her appeal with Mass Mutual was denied, making timely her Complaint, filed in State court on December 2, 2016. *Id.*

In its Reply, defendant asserts that it is not an administrative agency, and plaintiff "had no obligation to pursue an administrative appeal." ECF 26 at 3. It reiterates its position that plaintiff's claim accrued, at the latest, when she received the initial Denial Letter of May 23, 2012. *Id.* at 2. Defendant maintains that "pursuit and exhaustion of an appeal was not required and cannot serve to avoid the statute of limitations." *Id.* at 6.

Ms. George claims in her Complaint that she "commenced a proceeding before the Insurance Commission [*sic*] to obtain an order for the payment of these and future benefits." ECF 2, ¶ 22. Maryland law is clear that MIA proceedings do not affect the right of a plaintiff to bring a breach of contract action in federal or state court. *See* Ins. § 27-301(b)(3) ("This subtitle does not impair the right of a person to seek redress in law or equity for conduct that otherwise is actionable."); *see also Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 475-76 (4th Cir. 2001) (distinguishing MIA proceeding from breach of contract action). Indeed, as plaintiff seems to acknowledge, her complaint before the MIA is a parallel proceeding that did not affect her right to bring her breach of contract action in this Court. She notes, ECF 2, ¶ 22:

> However, that proceeding is brought for Unfair Claim Settlement Practices as defined in Md. Ann. Code, Insurance Sections 27-301 to -306. That administrative proceeding is not an exclusive remedy, except for such practices themselves, as set forth in Section 301(b). The Code does not purport to curtail and in fact preserves my common law entitlement to pursue my rights to benefits under the insurance contract at the same time.

Neither plaintiff nor defendant raises the proceeding before the MIA in their submissions, except insofar as Mass Mutual submits and refers to evidence presented during the MIA proceeding. *See, e.g.*, ECF 16-1 at 3, 6. It does not appear that plaintiff's invocation of principles of administrative exhaustion refers to the MIA proceeding, as her proposed date of accrual is based on the date *defendant* denied her appeal (December 5, 2013), rather than anything to do with the MIA. *See* ECF 22 at 2-3.

## C.

Statutes of limitations "ensure fairness to defendants by encouraging promptness in bringing claims, thus avoiding problems that may stem from delay. . . . Statutes of limitation are statutes of repose, allowing individuals the ability to plan for the future without the indefinite threat of potential liability." *Hecht v. Resolution Tr. Corp.*, 333 Md. 324, 333, 635 A.2d 394, 399 (1994). If plaintiff had the *right* to sue defendant when she received the Denial Letter and received no further disability payments, it follows that she must also have been subject to the statute of limitations as of that time. *See Poffenberger v. Risser*, 46 Md. App. 600, 601, 421 A.2d 90, 91 (1980) ("[W]henever one person may sue another a cause of action has accrued and the statute begins to run"), *rev'd on other grounds*, 290 Md. 631, 431 A.2d 677 (1981). In that instance, C.J. § 5-101 would bar plaintiff's claims.

To support its position that plaintiff's claim accrued when plaintiff received the Denial Letter, defendant cites *Curry v. Trustmark Ins. Co.*, 600 F. App'x 877 (4th Cir. 2015), a recent unpublished Fourth Circuit case with facts similar to those in this case. *Curry* stands for two propositions relevant to this case. First, it indicates that breach of an insurance contract, such as Ms. George's, is not a continuing violation; such a claim accrues on a one-time basis. Second,

*Curry* shows that plaintiff's claim accrued when she stopped receiving benefit payments, and not when her internal appeal within Mass Mutual was denied.

In *Curry*, the Maryland plaintiff owned a disability insurance policy. *Id.* at 879. He was injured, and applied for disability benefits from the insurer. *Id.* The insurer began paying benefits while seeking to establish whether the plaintiff was disabled, and eventually directed the plaintiff to undergo an Independent Medical Examination ("IME"), as allowed by the insurance policy. *Id.* Because the plaintiff refused to submit to the IME, the insurer denied any additional benefits. *Id.* The plaintiff sued more than three years after the denial of additional benefits, but within three years of the time the insurer formally closed the claim. *Id.*

The district court found that not all of the plaintiff's claims were barred by the statute of limitations because the insurer "breached the contract each time they failed to pay benefits for a period during which Plaintiff was disabled." *Curry v. Trustmark Ins. Co.*, JKB-11-2069, 2013 WL 3716413, at *4 (D. Md. July 15, 2013). The district court reasoned that because "[e]ach failure to pay monthly benefits . . . is a separate and independent breach," claims for payments within the statute of limitations were timely. *Id.*

On appeal, the Fourth Circuit disagreed. It defined the issue as "whether the disability benefits [were] 'owed in the first place.'" *Id.* at 881 (citation omitted). Because the alleged breach of contract arose from the insurer's denial that it owed the plaintiff any benefits at all, the *Curry* Court determined that the breach was not a continuing one and the plaintiff's claim accrued at the point of the initial denial, i.e., when the insurer denied additional benefits. *Id.* The Fourth Circuit cited other courts of appeals which had adopted this view. *Id.* (citing *Lang v. Aetna Life Ins. Co.*, 196 F.3d 1102, 1105 (10th Cir. 1999); *Dinerstein v. Paul Revere Life Ins. Co.*, 173 F.3d 826, 828 (11th Cir. 1999)).

*Curry* is analogous to this case. In defendant's Denial Letter of May 23, 2012, plaintiff was informed that "she [did] not meet the eligibility requirements of her policy" and that defendant had provided a "final payment." ECF 16-7 at 11. At that point, plaintiff had notice that defendant had allegedly breached its contract to pay disability benefits. Accordingly, the subsequent letters from defendant reaffirming the denial of her disability benefits did not restart the statute of limitations. Ms. George's claim accrued only in May 2012, when the contract was allegedly breached.

Relatedly, there is no merit to plaintiff's contention that her claim did not accrue until defendant denied her formal appeal. Although the Denial Letter noted that "MassMutual's Disability Benefits Department has an appeals process that allows [plaintiff] to have her claim reviewed if she disagrees with [defendant's] assessment" (ECF 16-7 at 12), defendant never suggested that an appeal was necessary or required. To the contrary, plaintiff had the right to sue for breach of contract at the time of the denial; she was not obligated to avail herself of defendant's internal review process.

Plaintiff has cited no authority for the assertion that principles of mandatory exhaustion of administrative remedies apply to an insurance dispute with a private company. Mass Mutual is plainly not a government agency, and this Court is aware of no statute or regulation that would indicate that plaintiff was required to pursue an internal appeal before suing for breach of contract.

*Curry* is instructive on this issue, as well. Although the plaintiff in *Curry* does not appear to have raised the doctrine of administrative exhaustion, he argued that the statute of limitations did not begin to run until the defendant insurer formally closed his claim for benefits, and that he could not have brought an action before that time. *Curry*, 600 F. App'x at 882. The Fourth

Circuit disagreed and stated: "Given that [the plaintiff's] cause of action for breach is based on [the insurer's] non-payment of benefits under the contract, it seems an unremarkable proposition that his action for alleged breach of contract arose when [the insurer] stopped paying benefits . . . ." *Id.*

In *Curry*, the Fourth Circuit also discussed the Supreme Court's holding in *Mobley v. New York Life Ins. Co.*, 295 U.S. 632 (1935). In *Mobley*, an insurer ceased benefit payments when it thought the plaintiff had shown insufficient proof of disability, but offered to give further consideration to his claim. *Id.* at 635-36. The plaintiff sued, seeking to recover "payment of the polic[y] in full for the remainder of his natural [life] expectancy," which was what he would have been due had the insurer completely repudiated the insurance policy. *Id.* at 636 (internal quotation marks omitted). After receiving the report of a doctor who had examined the plaintiff and found him to be permanently disabled, the insurer offered to reinstate the plaintiff's disability benefit payments. *Id.* at 637. The plaintiff refused the offer, asserting that the insurer had repudiated the contract and more damages were due. *Id.* The Supreme Court determined that the contract had not been repudiated simply because the insurer had insisted on proof of disability, but it noted that "refusal . . . to pay a monthly benefit when due *is sufficient to constitute a breach.*" *Id.* at 638 (emphasis added).

The *Curry* Court drew on this logic when it found that the plaintiff's "cause of action for breach of contract arose—and the statute of limitations began to run—when [the insurance company] terminated [the plaintiff's] monthly benefit payments." *Curry*, 600 F. App'x at 883. It reasoned that the alternative, "[t]o hold that an insured cannot bring an action until an insurer formally denies the claim for benefits[,] would . . . allow insurers to 'prevent policy holders from suing by continuing in perpetuity to consider the claims open and the denial of benefits

preliminary.' This cannot be so." *Id.* (quoting *Curry v. Trustmark Ins. Co.*, JKB-11-2069, 2013 WL 3716413, at *3 (D. Md. July 15, 2013)) (internal citation omitted).

The case of *Himelfarb v. Am. Exp. Co.*, 301 Md. 698, 484 A.2d 1013 (1984), although not factually on point, is instructive. There, the Maryland Court of Appeals ruled that a creditor's claim accrued when the debtor admitted receipt of his credit card bill and stated that he would not pay it. *Id.* at 704, 484 A.2d at 1016. Simply because the debtor asserted a right to clear the debt in the future did not toll the statute of limitations on the creditor's claim. *Id.* at 704-05, 484 A.2d at 1016. The Maryland Court of Appeals observed, *id.* at 705, 484 A.2d at 1016:

> From the standpoint of the Maryland common law of contracts, [the debtor's] claimed defense is as ineffective to prevent accrual of the creditor's cause of action as is a debtor's statement that he mailed a check in full payment which the creditor should have received, or that his signature on a document evidencing the obligation is unauthorized, or that he is excused from paying because of material breach in the creditor's performance. The limitations clock begins to tick while the creditor is deciding whether an asserted defense is meritorious.

In this case, Ms. George is in the position of the creditor and Mass Mutual is in the position of the debtor. Mass Mutual's representations that it might reconsider its denial if Ms. George submitted more information did not deprive plaintiff of her right to sue to enforce her contract based on the denial of the claim. An offer to reconsider does not alter the date of accrual. Put another way, a breached contract is not un-breached by the breacher's assurances that he may make good. When plaintiff had notice that Mass Mutual had made its final payment, she "was in a position at that time to prove the essential elements of an action" on the contract, and her claim had therefore accrued. *See id.* at 704; 484 A.2d at 1016.

The same principle applies here. Plaintiff was informed on May 23, 2012, that she did "not meet the eligibility requirements of her policy," and that she had received her "final

payment." ECF 16-7 at 11. This was "sufficient to constitute a breach," *Mobley*, 295 U.S. at 638, and therefore "the statute of limitations began to run." *Curry*, 600 F. App'x at 883. It follows that plaintiff's window of opportunity to file suit expired in May 2015. Accordingly, her claim is barred by the statute of limitations.

I need not determine whether Mass Mutual's offers to reconsider, or its invitations to Ms. George to provide more information or to appeal, were made in good faith or were intended to dissuade plaintiff from filing suit until it was too late. Even if plaintiff believed, as she suggests, that she could not yet bring a claim against Mass Mutual because she had not yet exhausted the insurance company's internal appeals process, "[a] mistaken belief that [defendant's] potential defenses prevented the filing of suit [does] not suspend the running of the limitations period." *In re Maxima Corp.*, 277 B.R. 244, 250 (D. Md. 2002) (citing *Himelfarb*, 301 Md. at 705, 484 A.2d at 1016); *see also Cardin v. Pac. Employers Ins. Co.*, 745 F. Supp. 330, 334 (D. Md. 1990) (finding that continued negotiations between an insurer and an insured following a denial of benefits did not toll the statute of limitations).

## IV. Conclusion

For the reasons stated above, I shall GRANT defendant's motion for summary judgment. An Order follows, consistent with this Memorandum Opinion.


Date:  February 1, 2018                                /s/
                                           Ellen Lipton Hollander
                                           United States District Judge